IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01120-BNB

ROBERT ADELHARDT, SR.,

    Applicant,

v.

HOYT BRILL, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT -2 2009

GREGORY C. LANGHAM
                CLERK

---

## ORDER OF DISMISSAL

---

Applicant, Robert Adelhardt, Sr., is in the custody of the Colorado Department of Corrections and currently is incarcerated at Kit Carson Correctional Facility in Burlington, Colorado. Mr. Adelhardt initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 00-CR-9 in the Jefferson County District Court of Colorado.

In an order entered on July 2, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). After receiving an extension of time, on August 12, 2009, Respondents filed a Pre-Answer Response. Mr. Adelhardt filed his Reply on August 26, 2009.

The Court must construe liberally the Application filed by Mr. Adelhardt because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On July 7, 2000, Mr. Adelhardt pled guilty to five child sex assault offenses. Pre-Answer Resp. Ex. A at p. 5 (State Register of Actions). He was sentenced to concurrent sentences of eighteen years to life on August 24, 2000. *Id.* at 5-6. He did not file a direct appeal.

On December 18, 2000, Mr. Adelhardt filed through counsel a motion for reconsideration of the sentence pursuant to Colorado Rule of Criminal Procedure 35(b). *Id.* at 10. The trial court denied the motion on December 28, 2000. *Id.*

On August 22, 2002, Mr. Adelhardt filed a *pro se* motion for reconsideration of the sentence pursuant to Rule 35(b). *Id.* The trial court denied the motion on August 26, 2002. *Id.*

On April 4, 2003, Mr. Adelhardt filed a letter, which the trial court construed as a third Rule 35(b) motion. *Id.* The trial court denied the motion on April 7, 2003. *Id.*

On August 19, 2004, Mr. Adelhardt filed a *pro se* motion to correct his sentence pursuant to Rule 35(c). *Id.* The trial court denied the motion on August 24, 2004. *Id.*

On March 2, 2005, Mr. Adelhardt filed a supplemental *pro se* motion to correct his sentence. *Id.* The trial court denied the supplemental motion on March 9, 2005.

*Id.* Mr. Adelhardt subsequently appealed the trial court's denial of the supplemental motion to the Colorado Court of Appeals (CCA), and the CCA dismissed his appeal as untimely on October 27, 2005. **See People v. Adelhardt**, No. 05CA1649 (Colo. App. Oct. 27, 2005) (unpublished order) (Pre-Answer Resp. Ex. C).

On September 11, 2006, Mr. Adelhardt filed a *pro se* motion to withdraw his guilty plea and vacate his sentence. Pre-Answer Resp. Ex. A at p. 10. The trial court denied the motion on October 26, 2006. *Id.* Mr. Adelhardt filed a notice of appeal to the CCA on September 11, 2006. *Id.* at 11. Mr. Adelhardt then moved to withdraw his appeal without prejudice on July 13, 2007, but when he failed to respond to an order to show cause, the CCA dismissed his appeal with prejudice on September 7, 2007. *Id.*

On July 7, 2008, Mr. Adelhardt filed a *pro se* petition collaterally attacking his sentence. *Id.* The trial court denied the petition on August 13, 2008. *Id.* Mr. Adelhardt filed a notice of appeal to the CCA on March 31, 2009, and the CCA dismissed the appeal as untimely on April 13, 2009. *Id.* at 12.

Mr. Adelhardt then filed the instant action on May 6, 2009. In the Application, Mr. Adelhardt asserts one claim: that his sentence violates his right to due process because the sentencing statute was applied incorrectly by the trial judge. Application at 5.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

3

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Adelhardt's criminal case became final. Because Mr. Adelhardt did not file a direct appeal, his conviction became final when the time for filing a direct appeal expired. *See* 28 U.S.C. § 2244(d)(1)(A). Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Adelhardt had forty-five days to file a notice of appeal after he was sentenced on August 24, 2000. Therefore, the Court finds that Mr.

4

Adelhardt's conviction became final on October 9, 2000.[1] As such, the one-year statute of limitations began to run on October 10, 2000, the next business day after the conclusion of the time to appeal. *See, e.g., Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2003).

The Court must next determine whether any of Mr. Adelhardt's state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir.

---

[1] The forty-fifth day after August 24, 2000, was October 8, 2000. However, October 8, 2000, was a Sunday. Therefore, the filing deadline extended until October 9, 2000. *See* C.A.R. 26(a).

5

1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." **Gibson**, 232 F.3d at 804.

There were no pending motions in Mr. Adelhardt's state court action between October 10, 2000, and December 18, 2000. These **69** days are credited against the 1-year statute of limitations. Mr. Adelhardt's counsel filed a motion for sentence reconsideration on December 18, 2000. Pre-Answer Resp. Ex. A at p. 10. The trial court denied the motion on December 28, 2000. *Id.* Mr. Adelhardt then had 45 days, or until February 12, 2001, to appeal the trial court's denial of the motion for sentence reconsideration to the CCA.[2] **See** Colo. App. R. 4(b). Mr. Adelhardt did not file an appeal.

Therefore, the limitation period began to run again on February 13, 2001, and expired on December 6, 2001, the 296th day after the limitation period began to run (**69 days + 296 days = 365 days**). Because the one-year limitation period expired before Mr. Adelhardt filed his next postconviction motion on August 22, 2002, that motion could not have tolled the one-year limitation period. **See Clark v. Oklahoma**, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Therefore, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and

---

[2]The forty-fifth day after December 28, 2000, was February 11, 2001. However, February 11, 2001, was a Sunday. Therefore, the filing deadline extended until February 12, 2001. *See* C.A.R. 26(a).

may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. **See Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. **See Gibson**, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. **See id.** Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. **See Miller**, 141 F.3d at 978. Finally, Mr. Adelhardt bears the burden of demonstrating that equitable tolling is appropriate in this action. **See id.** at 977.

Mr. Adelhardt fails to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court.

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Adelhardt has exhausted his state court remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this __1st__ day of _____Oct_____, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01120-BNB

Robert Adelhardt, Sr.,
Prisoner No. 48650
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

John J. Fuerst
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/2/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk